# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KIM M. POWELL and<br>MICHAEL J. POWELL,<br><br>    Plaintiffs,<br><br>v.<br><br>ARYN GRAVEL GORDON GEEKIE,<br>NORTH AMERICAN MIDWAY<br>ENTERTAINMENT-CANADA CO., and<br>NORTH AMERICAN MIDWAY<br>ENTERTAINMENT, LLC,<br><br>    Defendants. | Civil Action No. 5:09-CV-188(HL) |

# ORDER

A pre-trial conference was held in this case on August 31, 2010. The case is scheduled for trial on September 13, 2010. The Court makes the following rulings on the motions heard at the pre-trial conference.

**A. Defendants' Motion in Limine to Exclude the Expert Testimony of Dr. David DeLurgio and Dr. Peter Holliday**

Defendants' Motion in Limine to Exclude the Expert Testimony of Dr. David DeLurgio and Dr. Peter Holliday (Doc. 38) is denied. The parties are bound by the terms of the jointly proposed Scheduling and Discovery Order (Doc. 12) filed in this case, which provides that Daubert motions were to be filed on or before May 30, 2010. As the Motion in Limine relating to Drs. DeLurgio and Holliday was not filed until August 26, 2010, it is untimely. The Court finds Defendants' argument at the

pre-trial conference that the Motion in Limine was not in fact a Daubert motion to be disingenuous.

**B.     Defendants' Motion to Strike Plaintiffs' Claim for Attorneys' Fees and Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11**

Defendants' Motion to Strike Plaintiffs' Claim for Attorneys' Fees and Expenses of Litigation (Doc. 39) is denied as moot. Plaintiffs withdrew their claim for attorneys' fees during the pre-trial conference.

**C.     Defendants' Motion in Limine to Strike the Plaintiffs' Expert, Darrin Marcus**

Defendants' Motion in Limine to Strike Darrin Marcus (Doc. 40) is denied. The parties are bound by the terms of the jointly proposed Scheduling and Discovery Order (Doc. 12) filed in this case, which provides that Daubert motions were to be filed on or before May 30, 2010. As the Motion in Limine relating to Mr. Marcus was not filed until August 26, 2010, it is untimely.

**D.     Defendants' Motion in Limine to Strike the Plaintiffs' Lost Wage Claims**

Defendants' Motion in Limine to Strike Plaintiffs' Lost Wage Claims (Doc. 43) is denied. The vacation and sick leave allowances used by Plaintiffs so that they continued to be compensated while treating and recovering from their injuries are benefits from a collateral source. *See* Schickling v. Aspinall, 369 S.E.2d 172, 174 (Va. 1988) (vacation and sick leave allowances are collateral source benefits); E. Tex. Motor Freight Lines, Inc. v. Freeman, 713 S.W.2d 456, 462 (Ark. 1986) (vacation pay and sick leave are collateral source benefits).

Defendants argue that the lost wage claim should be stricken because Plaintiffs never actually lost any wages because they had an alternate payment source, i.e., their vacation and sick leave. However, Georgia law is clear that a defendant may not take any credit toward the defendant's liability and damages for payments made by a third-party. "This is because a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others." Kelley v. Purcell, 301 Ga. App. 88, 91, 686 S.E.2d 879, 882 (2009).

**E.  Plaintiffs' Motion in Limine**

Plaintiffs' Motion in Limine (Doc. 47) is granted, in part, and denied, in part.

1.  Plaintiffs' motion to exclude evidence of collateral source benefits in the form of payments by third party insurers is granted.

2.  Plaintiffs' motion to exclude evidence of collateral source benefits in the form of payments by third parties for negotiated benefits of employment is granted.

3.  Plaintiffs' motion to exclude unrelated medical conditions and injuries is granted, in part, and denied, in part.

To the extent any mention of chest pain is made by Mr. Powell or any of Plaintiffs' witnesses as to Mr. Powell, Defendants are entitled to address Mr. Powell's complaint of chest pain on July 17, 2009. Further, to the extent any mention of shoulder pain is made by Mrs. Powell or any of Plaintiffs' witnesses as to Mrs. Powell, Defendants are entitled to address Mrs. Powell's complaint of left shoulder pain on January 8, 2003, complaint of right shoulder pain on June 11, 2009, her MRI

of her right shoulder on June 17, 2009, treatment or evaluation for shoulder impingement syndrome on June 30, 2009, and treatment or evaluation for right rotator cuff syndrome on July 21, 2009.

4. Plaintiffs' motion to exclude statements regarding what areas of practice any of the attorneys involved in this litigation practice is granted. This Order applies to both counsel for Plaintiffs and Defendants.

5. Plaintiffs' motion to exclude any attacks on Plaintiffs' counsel by defense counsel is granted. Plaintiffs' counsel is also ordered not to make any personal attacks on Defendants' counsel.

6. Plaintiffs' motion to exclude any reference to Plaintiffs' contingent fee contract is granted.

7. Plaintiffs' motion to exclude any reference to the impact an award might have on insurance rates is granted.

8. Plaintiffs' motion to exclude any reference to the financial status of, or the impact of a verdict on, any party to this lawsuit is granted.

9. Plaintiffs' motion to exclude any references to the financial consequences of a judgment against Defendants is granted.

10. Plaintiffs' motion to exclude any statement that money will not undo the damage done to Plaintiffs is granted.

11. Plaintiffs' motion to exclude any statements made in an attempt to garner sympathy for Defendants is granted. Similarly, any statements made in an attempt to garner sympathy for Plaintiffs is also excluded.

12. Plaintiffs' motion to exclude any statements that a recovery by Plaintiffs would not be subject to federal income taxation or any other form of taxation is granted.

**F.   Plaintiffs' Motion to Allow Evidence Regarding Subject and Circumstances of Defendants' Admission of Negligence**

Plaintiffs' Motion to Allow Evidence (Doc. 48) is granted subject to certain limitations.

Plaintiffs wish to tell the jury about the timing of the admission of negligence made by Defendants. The Court agrees that Plaintiffs are entitled to present to the jury the fact Defendants admit negligence but deny proximate cause, and are entitled to explain when that admission was made. However, Plaintiffs are not entitled to argue to the jury that because the admission of negligence was made close to the time of the trial Plaintiffs were required to do certain things they would not have otherwise been required to do had Defendants initially admitted negligence. Plaintiffs are not entitled to inquire into and dissect the way Defendants' counsel chose to defend the case.

**G.   Motion to Dismiss Without Prejudice State Farm Mutual Automobile Insurance Company**

The Motion to Dismiss State Farm (Doc. 50) is granted.

**H.   Plaintiffs' Local Rule 7.4 Motion to Exceed Page Limit**

Plaintiffs' Motion for Leave to File Excess Pages (Doc. 54) is granted.

**SO ORDERED**, this the 1st day of September, 2010.

>	*s/ Hugh Lawson*
>	**HUGH LAWSON, SENIOR JUDGE**

mbh